IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALDOE LEE FOSTER | § | |
| v. | § | CIVIL ACTION NO. 6:12cv392 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Aldoe Lee Foster, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction or convictions. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Foster was convicted of aggravated robbery and possession of a firearm by a felon on July 18, 2003, receiving concurrent sentences of 40 years in prison. He pleaded guilty and waived his direct appeal, but has filed five state habeas petitions on each conviction, to no avail.

Foster also filed a prior federal habeas corpus conviction concerning the robbery conviction. <u>Foster v. Director, TDCJ</u>, civil action no. 6:06cv44 (E.D.Tex., dismissed with prejudice May 12, 2006, no appeal taken).

In the present petition, Foster appears to be challenging the firearms conviction, although he mentions issues surrounding the robbery conviction as well. He says that State's Exhibit No. 2 was falsified, the stipulation of evidence on enhancements contained incorrect dates and is thus void, the indictment alleges incorrect dates and is also thereby void, he received ineffective assistance of counsel, and there is newly discovered evidence showing that his plea was induced by the State.

1

The Magistrate Judge ordered the Respondent to answer the petition, and an answer was filed. The Respondent argues that to the extent Foster challenges his robbery conviction, the petition is successive and should be dismissed because Foster has not received permission from the Fifth Circuit Court of Appeals to file a successive petition. To the extent that Foster challenges his firearms conviction, the Respondent argues that the petition should be dismissed as barred by the statute of limitations. Foster did not file a response to the answer to the petition.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge first observed that Foster had previously filed a federal habeas corpus petition regarding his robbery conviction, as stated above. The Magistrate Judge went on to note that Foster has twice sought permission from the Fifth Circuit to file a successive petition, one of which was denied and one of which is still pending; the Fifth Circuit's on-line records show that on October 30, 2012, after the Magistrate Judge's Report was issued, Foster filed a third motion for leave to file a successive petition, which also remains pending. Because Foster had not received permission to file a successive petition at the time that he filed the present one, the Magistrate Judge concluded that to the extent that Foster challenged his robbery conviction, that challenge was barred by the successive-petition rule.

With regard to the firearms conviction, the Magistrate Judge determined that Foster's limitations period on this claim expired on March 21, 2005, after the tolling for the pendency of the applicable state habeas corpus petition was figured in. However, the Magistrate Judge said, Foster's petition was postmarked on June 19, 2012, over seven years later, which is well outside of the one-year statute of limitations.

The Magistrate Judge noted that according to the answer to Foster's state habeas petition, Foster's claim of "newly discovered evidence" stemmed from the hiring of a private investigator in 2007, who allegedly discovered the evidence which was missing from the district clerk's file. The Magistrate Judge stated that the only state habeas applications filed by Foster during and after 2007 were dismissed as successive by the Texas Court of Criminal Appeals, leading to an inference that

Foster's claims were procedurally defaulted from federal habeas corpus review; however, the Magistrate Judge, after concluding that Foster's petition was barred by the statute of limitations, deemed it unnecessary to address the issue of procedural default because it had not been raised by the Respondent.

The Magistrate Judge went on to conclude that Foster had not shown any basis for equitable tolling of the statute of limitations and that Foster was not entitled to a certificate of appealability. Foster filed objections to the Report of the Magistrate Judge on October 26, 2012.

In his objections, Foster says first that the constraints imposed by 28 U.S.C. §2254(d) are unconstitutional, citing Evans v. Thompson, 518 F.3d 1 (1st Cir. 2008); however, in Evans, the First Circuit held that the Anti-Terrorism and Effective Death Penalty Act of 1996, which effected sweeping habeas corpus reforms including implementation of the statute of limitations and the requirement to seek permission before filing a successive petition, did not violate Article III, the separation of powers doctrine, the Supremacy Clause, it did not unconstitutionally limit legal sources on which the federal courts could rely in determining law, and it did not amount to a suspension of the writ of habeas corpus. Thus, to the extent that Foster relies on Evans in arguing that the habeas corpus statute is unconstitutional, his contention is without merit.

Next, Foster states that he did not hire the private investigator in 2007, but in fact had done so on September 3, 2008, and that the newly discovered evidence was found by the private investigator on November 25, 2008, the date that the investigator received it. He complains that this evidence was exculpatory and should have been disclosed to him, and says that the district attorney knew or should have known that the evidence was false at the time that he built the case. Foster contends that a conviction obtained by the "knowing use of perjured testimony" is fundamentally unfair and should be set aside; he states that the records in question were never "lost" but were withheld by the district attorney.

In an attached document entitled "Prima Facie Showing," Foster says that the documents in question were a consent to search signed by a person named Andre Chaves, a photographic lineup,

an arrest plan and SWAT team report, a list of evidence collected, an offense supplement, a "stolen gun confirmation," a submission form and supplemental report from the Longview crime lab, four pages from the search warrant inventory, and a consent to search for Ethel Crockett's car. He says that he tried to obtain these documents, but was unable to do so until he hired a private investigator by the name of Edward McElyea, who received the documents on November 25, 2008 and sent them to Foster.

Foster attaches an affidavit from Ethel Foster, his mother, dated December 10, 2008. In this affidavit, she states that Foster had told her that he did not have a gun during the alleged offense and needed a copy of the forensic report. In December of 2003, she contacted the Gregg County District Clerk's Office and the Kilgore Police Department, but was told to contact the FBI and the local police, all of which she did without success. She renewed her efforts to obtain the forensic report, but as of the date of the affidavit, she had been unable to do so.

Foster also attaches a copy of his own affidavit, which says that he was indigent from 2003 until 2006. He got a job in the "P.I.E. program" at the Michael Unit and saved up money until he could hire the private investigator, which he did in September of 2008. On November 25, 2008, the investigator obtained the evidence he was seeking.

Even assuming the accuracy of Foster's representation that the documents were not discovered until November of 2008, he has failed to show that the Magistrate Judge erred in concluding that the petition is barred by the statute of limitations. He says that the alleged "newly discovered evidence" was found in November of 2008, but the next time he sought state habeas corpus relief after this date was in February of 2012, over three years later. Even if the limitations period is assumed to begin in November of 2008, when Foster allegedly learned of the factual predicate for his claims, he offers no explanation for the delay of over three years after that time in seeking state habeas corpus relief. The February 2012 state habeas petition does not toll the limitations period because this period had long since expired by the time that Foster filed the state petition. *See* Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (a state habeas petition filed

after the limitations period has expired does not revive any part of this period). As the Magistrate Judge stated, equitable tolling is not intended for those who "sleep on their rights." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999); *accord*, Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (habeas corpus petitioner may be entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing). Here, Foster offers no explanation for the lengthy delay between the discovery of these documents in November of 2008 and the seeking of state habeas corpus relief in February of 2012. He has slept on his rights and not shown any entitlement to equitable tolling of the statute of limitations, which expired long before the filing of his federal habeas corpus petition. Foster's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge (docket no. 12) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Aldoe Foster is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 14th day of November, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**